# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

COLUMBIAN FINANCIAL )
CORPORATION and CARL )
McCAFFREE, )
           )
       Plaintiffs, )
           )   CIVIL ACTION
v. )
           )   Case No. 08-2642-CM
BANCINSURE, INC., )
           )
       Defendant. )
           )

## MEMORANDUM AND ORDER

Plaintiffs Columbian Financial Corporation and Carl McCaffree brought this declaratory judgment action, seeking a declaration that claims covered by a directors and officers liability insurance policy may be reported to the insurer, defendant BancInsure, Inc., at any time prior to the expiration of the policy. On December 4, 2009, the court entered judgment in favor of plaintiffs. The case is now before the court on Defendant Bancinsure, Inc's Motion to Alter or Amend (Doc. 38).

A Rule 59(e) motion in a civil action stands on limited grounds. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). It provides the court with an opportunity to correct manifest errors of law or fact, to hear newly discovered evidence, or to consider a change in the law. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion is not an appropriate vehicle for revisiting issues already considered or arguing matters not raised in prior briefs. *Id.*; *see also Ufheil v. Bain*, No. 09-4047-SAC, 2009 WL 2760815, at *1 (D. Kan. Aug. 26, 2009). A party should not use a Rule 59(e) motion to "advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012

(citation omitted).

Defendant states that its motion is based on the need to correct a manifest error of law. Specifically, defendant argues that the court erred (1) when it held that the terminology "coverage shall cease" meant something different than that the policy was canceled or terminated; and (2) when it noted that the Regulatory Exclusion Endorsement indicated that the parties did not intend for the policy to terminate upon the appointment of a receiver. In support of its position, defendant cites case law not previously cited and raises arguments that defendant could have raised earlier. Defendant's approach is not a valid basis for challenging the court's ruling. Defendant disagrees with the court's previous ruling. But disagreement does not equate to manifest error of law. The court remains unconvinced that defendant's position is correct.

**IT IS THEREFORE ORDERED** that Defendant Bancinsure, Inc's Motion to Alter or Amend (Doc. 38) is denied.

Dated this 22nd day of February 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**