## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

COLUMBIAN FINANCIAL      )
CORPORATION and CARL       )
McCAFFREE,                 )
                       )
          Plaintiffs,      )
                       )
v.                        )
                       )   Case No.  08-2642-CM
BANCINSURE, INC.,        )
                       )
          Defendant.      )
                       )

## MEMORANDUM AND ORDER

Plaintiffs Columbian Financial Corporation ("Columbian Financial") and Carl McCaffree brought this declaratory judgment action in 2008, seeking a declaration that claims covered by a directors and officers liability insurance policy may be reported to the insurer, defendant BankInsure, Inc., at any time prior to the expiration of the policy.  The parties filed summary judgment motions, and the court entered summary judgment in favor of plaintiffs in November 2009.  Defendant appealed.  On July 18, 2011, the Tenth Circuit reversed the decision of this court and remanded the case with instructions for this court to vacate its judgment.  On August 23, 2011, this court entered an order stating:

> On July 18, 2011, the Tenth Circuit issued a mandate ordering this court to vacate judgment in this case because the court lacked jurisdiction over the case at the time it entered judgment.  In accordance with the Tenth Circuit's direction, the court hereby orders the judgment entered December 4, 2009 VACATED.  The case is dismissed for lack of jurisdiction.

(Doc. 51.)

The case is now before the court on Plaintiffs' Motion for Relief from Judgment Dismissing Plaintiffs' Action and for Leave to Amend Complaint (Doc. 52).  Plaintiffs ask the court to vacate its

August 23, 2011 order and allow them to file a third amended complaint.  Plaintiffs seek relief

alternatively under Fed. R. Civ. P. 59(e) or 60(b).

A party may demonstrate entitlement to relief from judgment under Rule 59(e) by showing a

change in law, new evidence, or a "need to correct clear error or prevent manifest injustice."

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (identifying elements for a

motion to reconsider, which mirror those for a Rule 59(e) motion).  Under Rule 60(b), a party may

obtain relief by showing:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in time to
> move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic
> or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment
> is void; (5) the judgment has been satisfied, released or discharged; it is based on an
> earlier judgment that has been reversed or vacated; or applying it prospectively is no
> longer equitable; or (6) any other reason that justifies relief.

Plaintiffs ask the court to grant relief and allow them to file a third amended complaint for

three reasons:  "(1) new facts conclusively establish the Court's subject matter jurisdiction, (2)

surprise or excusable neglect justifies the Plaintiffs' failure to move to amend the pleadings prior to

the Court's order dismissing the case, or (3) to prevent the manifest injustice that would result if

Plaintiffs are not allowed to re-plead."  (Doc. 53 at 5.)

### New Facts

First, plaintiffs allege that new facts—not in existence at the time of summary

judgment—developed that establish the court's jurisdiction.  Specifically, on August 9, 2011, the

Federal Deposit Insurance Corporation ("FDIC") filed a lawsuit against several former directors and

officers of plaintiff Columbian Financial, including plaintiff McCaffree.  Plaintiffs allege that this

lawsuit cures the jurisdictional defect identified by the Tenth Circuit and renders this case ripe for

-2-

adjudication.

Plaintiffs were aware that the FDIC filed a lawsuit by August 9, at the latest.  While this fact was not in existence at the time of the now-vacated summary judgment, it was in existence when the court dismissed the case after the Tenth Circuit mandate.  Because the fact was known to plaintiff prior to dismissal, plaintiff is not entitled to relief on this basis.  *See Knight v. Knight*, 123 F. App'x 342, 344 (10th Cir. 2005) (affirming denial of Rule 60(b) motion where the evidence existed prior to dismissal).

## Surprise or Excusable Neglect

Plaintiffs next argue that they were surprised by the court's order of dismissal.  They concede that when the FDIC filed suit, they should have notified the court of the changed circumstances.  They did not think it necessary, however, because they claim they did not anticipate that the court would dismiss the case without giving the parties an opportunity to establish jurisdiction.  Plaintiffs represent that they were in the process of drafting a proposed third amended complaint when the court dismissed the case, and that any neglect to notify the court sooner of the change in circumstances was excusable because they were facing two new lawsuits.  According to plaintiffs, defendant will suffer no prejudice; by filing its own suit, defendant has indicated a desire to litigate the issues.  And plaintiffs proffer that their claims are meritorious, as evidenced by the court's now-vacated order.

Plaintiffs' surprise or excusable neglect does not justify reinstatement of this case.  The court finds plaintiffs' argument that they did not expect that the court would dismiss the case after the Tenth Circuit issued its mandate somewhat disingenuous.  The Tenth Circuit held that this court lacked jurisdiction at the time it entered judgment.  It instructed the court to vacate its order.  While

the Tenth Circuit did not expressly instruct the court to dismiss the case, it seems that dismissal is a highly likely result when a district court has been instructed that it lacks jurisdiction over the case.

Plaintiffs knew that the FDIC had filed suit for two weeks before this court dismissed the case. Arguably, plaintiffs knew for much longer that the suit was likely going to be filed. If plaintiffs believed that the new facts conclusively established a justiciable action, they could have and should have notified either the Tenth Circuit or this court of the new facts in a more timely fashion, rather than waiting until after this court dismissed the case.

### Manifest Injustice

Finally, plaintiffs allege that it would be manifestly unjust to leave the judgment in place when defendant has taken several actions to legally position itself in another court. Although the Tenth Circuit held that this court lacked jurisdiction over this case because the FDIC had not yet filed a lawsuit, defendant brought suit in state court, seeking a declaration that any claims brought by the FDIC would not be covered under the policy. After the FDIC filed suit, defendant amended its state court petition. Plaintiffs submit that this activity evidences defendant's effort to run-around this court's now-vacated summary judgment ruling. According to plaintiffs, if this court declines to exercise jurisdiction over this matter, a new court will have to spend resources, effort, and time on the case, duplicating efforts this court has already made. Failing to reinstate this action will also reward defendant for forum shopping.

What plaintiffs neglect to mention is that their proposed third amended complaint fundamentally changes the scope and issues of this case. This case was pretried, and the court entered final judgment. The case did not involve the question of whether specific claims were covered under the policy. The court does not find it manifestly unjust to leave the dismissal of this

-4-

case in place. Parties should not be allowed to file a case, and then leave it pending while the court lacks jurisdiction, as a "placeholder" until an issue ripe for resolution develops. The court does not mean to insinuate that plaintiffs filed this case as a "placeholder," as all parties contended that the court had jurisdiction until the Tenth Circuit held otherwise. But to reopen the case now and allow what is essentially an entirely new case to proceed is not a proper use of the court system. Manifest injustice will not result if the court fails to reinstate this case. To the extent that defendant's state court suit was an improper preemptive suit, that question can be litigated in state court.

### **Request to Amend Complaint**

Because the court finds no basis for relief from the court's order of dismissal, the case remains closed, and the court denies plaintiffs' request to amend their complaint.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Relief from Judgment Dismissing Plaintiffs' Action and for Leave to Amend Complaint (Doc. 52) is denied.

Dated this 31st day of January 2012, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**